Argued July 25, reversed August 11, 1975
DAVID SWIBERG, *Petitioner, v.* OREGON
STATE PENITENTIARY (No. 03-75-160),
*Respondent.*
538 P2d 957

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*J. Rion Bourgeois,* Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Lee, Judges.

SCHWAB, C.J.

Petitioner contends that the Disciplinary Committee erred in finding that he had violated Major Rule 4 of the Oregon State Penitentiary by committing assault upon another prisoner. We agree.

In *Adams v. OSP*, 20 Or App 244, 531 P2d 754 (1975), we held that even in the necessarily disciplined environment of a prison, situations may arise justifying an inmate's using some degree of force for self-protection. It may well be that in the matter at hand petitioner used force when it was not justified, or used a greater degree than was justified, but no evidence of either appears in the record made by the prison authorities. The record consists only of a written report by a member of the prison staff and petitioner's testimony. The report reads as follows:

"At the above stated time and date subject was observed fighting with inmate Klenk * * * in the rec building around the shuffle board area. Subject was escorted by myself to the hospital for treatment then to S & I."

Petitioner's uncontroverted testimony was:

"SHAW: Okay. Would you tell us what happened.

"SWIBERG: Well, I was fighting down there, but I was jumped on. I was sitting in the rec. shack on—but the—the end where the shuffle board, on the bleachers, and this inmate named Klenk and a couple of other people came up and started calling me snitch and stuff and I said I didn't want any hassles. So I got up to walk away and somebody hit me. So I started fighting with Klenk and we were wrestling and fighting the bleachers and

on the floor. And I was getting kicked and hit. I couldn't get kicked by Klenk because I was holding on to him. Officer Large, I guess his name is, came over to break it up and as he was breaking it up, somebody else was kicking me. And he took me out of the building—out of the rec. shack.

"SHAW: At the time that this occurred, you say you got up and walked away?

"SWIBERG: I started to get up to walk away.

"SHAW: And you got hit?

"SWIBERG: And I got hit.

"* * * * *

"HOKONSON: So you—you were walking away this time and—and you got hit. Where did you get hit at?

"SWIBERG: Right here.

"HOKONSON: And so then you turned around and hit this guy.

"SWIBERG: I didn't hit him. I just grabbed him because he was right in my face trying to hit me again.

"SHAW: Let the record show that he indicated the spot behind the right ear as it.

"SWIBERG: Yes."

The fact that petitioner was taken from the scene of the altercation directly to the hospital for treatment indicates that the force used against him was more than a single desultory blow which he could reasonably have been expected to ignore. There is nothing in the record indicating that petitioner should have followed a different course of action.

Reversed.